# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:16-CR-00212-GCM-DSC

| | |
|---|---|
| USA, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **JOHN DALEY STROTHERS,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** comes before the Court on Defendant's Motion for a New Trial. (Doc. No. 89). The Defendant's Motion for a New Trial contained a memorandum of law which the Court has reviewed. This matter is now ripe for disposition.

## I. BACKGROUND

On May 18, 2017, a Grand Jury charged John Strothers ("Defendant") with four different counts: (1) False Document in a Federal Matter, (2) Passport Application Fraud, (3) Possessing Identification Document to Defraud the United States, and (4) False Statement in a Federal Matter. (Doc. No. 27). Defendant faced trial by jury on all four counts on February 12-13, 2018.

During closing argument for the Government, the prosecutor made the following statement:

> Also, if you note going back to 2009, you may recall he made a big deal about going back to 2009, I finally got my social security card in my name, the one I wanted, Giovanni Strassini. You know why 2009? Because he got that birth certificate, he washed and changed it, then he went to social security and got a card with his name. Remember I asked him, wait a minute now, you filed taxes, you had a social security card, and you've used other names, right? Um, maybe, maybe, maybe. He finally had to admit it. That's why 2009 is important because he changed that document.

1

(Doc. No 78, p. 147-48). However, the social security card in question was issued prior to the birth certificate being issued. (Doc. 89-1). Thus, the Defendant argues, the birth certificate could not have been used to obtain the social security card.

Also, during closing argument, the prosecutor made the following argument to the jury:

> The bottom line is this -- and Mr. Winiker said, is this a federal case? We recognize this is not the biggest case in the world. But nevertheless this is an important case because we have to know who has American passports as people travel overseas and also people who try to come into the c o u n t r y . So the passport system is important -- and so -- to protect the integrity of the system and security of the country, that's why.

(Doc. No 78, p. 149). The jury convicted Defendant on all counts. (Doc. No. 64).

## II.     DISCUSSION

Defendant moved for a new trial based on the above statements by the prosecutor. (Doc. No. 89). As such, the Court will discuss each statement below.

### a.     Standard of Review

A court may grant a new trial on motion of the defendant "if the interest of justice so requires." Fed. R. Crim. P. 33(a). The Fourth Circuit has held that "a trial court 'should exercise its discretion to award a new trial sparingly' and a jury verdict is not to be overturned except in the rare circumstance when the evidence 'weighs heavily' against it." *See United States v. Smith*, 451 F.3d 209, 216-17 (4th Cir. 2006) (quoting *United States v. Perry*, 335 F.3d 316, 320 (4th Cir. 2003)). To succeed on a motion for new trial based on prosecutorial misconduct, the Fourth Circuit has held that a defendant must show that "(1) the prosecutor's remarks or conduct must in fact have been improper, and (2) such remarks or conduct must have prejudicially affected the defendant's substantial rights so as to deprive the defendant of a fair trial." *United States v. Mitchell*, 1 F.3d 235, 240 (4th Cir.1993).

2

Regarding the second prong of *Mitchell*, the Fourth Circuit has provided four factors for courts to consider when evaluating whether a statement deprived a defendant of a fair trial. The four factors are: "(1) the degree to which the prosecutor's remarks have a tendency to mislead the jury and to prejudice the accused; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the accused; and (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters." *United States v. Harrison*, 716 F.2d 1050, 1052 (4th Cir. 1983), *cert. denied*, 466 U.S. 972 (1984).

b.     **Statement Regarding the Birth Certificate and Social Security Card**

The Court finds that the actions of the prosecutor did not deprive the Defendant of a fair trial. The Defendant relies upon two isolated statements made by the prosecutor during closing argument to show that the entire trial was unfair. First, the prosecutor misstated the order of events for obtaining the birth certificate and social security card. Applying the four factors for prejudice as outlined in *Mitchell*, it is clear to the Court that this statement did not deprive the Defendant of a fair trial. First, the statement did not have a great tendency to mislead the jury or prejudice the accused. The Court specifically instructed the jury that "arguments and statements by lawyers are not evidence." (Doc. No. 78, p. 131). Juries are presumed to follow the Court's instructions. *See, e.g.*, *Francis v. Franklin*, 471 U.S. 307, 324 n.9 (1985). Because the Court presumes that the jury followed the Court's instruction, one misstatement by the prosecutor did not deprive the Defendant of a fair trial.

The Court next analyzes whether the statement was isolated or extensive. The Defendant argues that the one statement by the prosecutor was enough to deprive the Defendant of a fair trial.

3

This factor clearly weighs in favor of the trial being fair as the statement was made only one time at the very end of the trial.

Third, the Court must analyze the statement in relation to the competent evidence presented at trial. The evidence presented at trial sufficiently protected the Defendant's right to a fair trial. The evidence presented allowed a reasonable jury to find against the Defendant on each count charged without reference to the statement. Thus, this factor also weighs in favor of the trial being fair.

Finally, the Court must determine if the statements were placed in front of the jury to divert attention to extraneous matters. The Defendant offers no argument or evidence that the statement was made to divert attention to extraneous matters. With no allegation or evidence to the contrary, this factor also weighs in favor of a fair trial.

Therefore, as to the first statement relied on by the Defendant, the Court finds that the trial was fair. As such, the Court **DENIES** Defendant's Motion for a New Trial based on the first statement.

c.    **Statement Regarding the Passport System**

Regarding the second statement, the Defendant argues only that the prosecutor attempted to divert attention to extraneous matters by commenting on the importance of protecting the American passport system from fraud. Defendant did not argue that any of the first three *Mitchell* factors weigh in favor of granting the Motion for a New Trial. Rather, the Defendant made the conclusory argument that the statement "served to 'divert attention to extraneous matters.'" (Doc. No. 89, p. 3). The Court disagrees. The Court finds nothing in the statement by the prosecutor that deprived the Defendant of a fair trial. Thus, the Court **DENIES** Defendant's Motion for a New Trial as to the second statement as well.

### III. CONCLUSION

The Court having reviewed the record and motion finds that the Defendant received a fair trial. As such, the Court **DENIES** the Defendant's Motion for a New Trial.

Signed: September 20, 2018

Graham C. Mullen
United States District Judge